*United States v. Goodman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT"S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-three.

PRESENT:

> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                  No. 22-527

COLLYER GOODMAN, AKA WEST,

> *Defendant-Appellant.*\*

_____

_____

\*The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| For Defendant Appellant: | Peter J. Tomao, Law Office of Peter J. Tamao, Garden City, NY. |
|---|---|
| For Appellee: | Anden Chow, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from orders of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED.**

Collyer Goodman appeals from the district court's orders (1) denying a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and (2) refusing reconsideration of that denial. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2017, after a jury trial, Goodman was convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B) and 846. The district court imposed the mandatory-minimum sentence of 120 months' imprisonment, to be

followed by five years' supervised release. In April 2020, Goodman filed his first motion for compassionate release pursuant to the First Step Act of 2018.

Under the First Step Act, a district court may, in its discretion, grant a motion for compassionate release when the defendant has exhausted administrative remedies, demonstrated that extraordinary and compelling reasons warrant such relief, and shown that a reduced sentence is consistent with the objectives of sentencing set forth in 18 U.S.C. § 3553(a). *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). Significantly, "if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *Id.*; *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[A] district court's reasonable evaluation of the [s]ection[-]3553(a) factors is an alternative and independent basis for denial of compassionate release." (internal quotation marks omitted)).

Applying that standard, the district court denied Goodman's first motion for failure to exhaust administrative remedies, without prejudice to renewal. When Goodman renewed his motion, the district court denied it in May 2020, this time "assum[ing] for the sake of argument that" Goodman had demonstrated extraordinary and compelling circumstances but finding that the "[section-

3

3553(a)] factors weigh[ed] against release." App'x at 70. The district court noted that Goodman "had numerous prior convictions, many involving drugs and/or weapons, [that] he returned to criminal activity relatively quickly after those convictions," and that the present offense involved "dealing a significant amount of narcotics." *Id.* The district court therefore concluded that compassionate release "would not amount to just punishment[,] . . . would undermine whatever deterrent value the sentence may have[,] and . . . would not sufficiently address the need to protect the public from further crimes of [Goodman]." *Id.*; *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C). Thereafter, Goodman filed a third motion for compassionate release, which the district court again denied in January 2021, as it "continue[d] to find that the [section-]3553(a) factors . . . militate[d] against release, . . . essentially for the reasons stated in [the] previous ruling." App'x at 72; *see also id.* at 73 (denying a motion for reconsideration).

About a year later, Goodman filed his fourth – and for purposes of this appeal, final – motion for compassionate release. The government opposed on numerous grounds, and in February 2022, the district court agreed, stating that the motion was "denied essentially for the reasons set forth by the [g]overnment." *Id.* at 76. Specifically, the district court stated that "[i]t did not appear that

4

[Goodman] ha[d] properly exhausted, but assuming he ha[d], no extraordinary and compelling reasons exist[ed] . . . and the [section-]3553(a) factors continue[d] to militate against release." *Id.* Goodman moved for reconsideration, submitting new exhibits most pertinent to exhaustion and the existence of extraordinary and compelling reasons warranting his early release, but in March 2022, the district court chose to "adhere to [its prior] decision." *Id.* at 131; *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (explaining that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

Goodman now appeals from both the February 2022 order denying his fourth motion for compassionate release and the March 2022 order denying his motion for reconsideration.[1] We review a district court's denial of a motion for compassionate release and denial of a motion for reconsideration for abuse of discretion. *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021); *United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015). "[A] district court has abused its

---

[1] The government has forfeited any objection to the timeliness of Goodman's appeal as to the February 2022 order. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Frias*, 521 F.3d 229, 231–34 (2d Cir. 2008).

discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). Because the district court reasonably determined in its February 2022 order that a sentencing reduction was not warranted under the section-3553(a) sentencing factors, it did not abuse its discretion in denying Goodman's fourth motion for compassionate release and in refusing to reconsider that denial.

Goodman's two arguments to the contrary are unavailing. First, Goodman contends that the district court provided inadequate explanation for its section-3553(a) analysis in its February 2022 order. But we need not view the district court's February 2022 order in a vacuum. Read in context with the government's submissions and the district court's prior compassionate-release orders, the district court's February 2022 order provided ample justification for the court's denial on the basis of the section-3553(a) factors. *See United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) ("The context and the record may render a district court's explanation adequate even where the judge might have said more." (internal quotation marks omitted)); *see also Keitt*, 21 F.4th at 72–73.

6

Second, Goodman suggests that the district court failed to place enough weight on the health risks posed by COVID-19 and the strides he had made toward rehabilitation, while placing undue weight on the public-safety risks associated with his narcotics-trafficking offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(D); *Pepper v. United States*, 562 U.S. 476, 491 (2011). But, as we have repeatedly made clear, "[m]ere disagreement with how the district court balanced the [section-]3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (internal quotation marks omitted); *see also United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight . . . afforded [to] any [section-]3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." (internal quotation marks omitted)). Given Goodman's prior criminal history and the seriousness of the present offense, *see* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C), we cannot say that the district court abused its discretion in determining that, even in February 2022, the section-3553(a) sentencing factors counseled against early release.

7

We have considered Goodman's remaining arguments and find them to be without merit.[2]  Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Goodman also asserts that the district court erred in determining that he had (1) not exhausted his administrative remedies and (2) not demonstrated extraordinary and compelling circumstances warranting relief.  As noted above, we need not address these arguments, since the section-3553(a) factors provide a sufficient ground upon which we can affirm the district court's denial of Goodman's fourth motion for compassionate release and motion for reconsideration.  *See Keitt*, 21 F.4th at 73 & n.4.